Mr. Justice Clayton
delivered the opinion of the court.
This was an action in the circuit court of Monroe county upon the bond of Bailey, as executor, against him and his sureties. The amount due from him, had been ascertained by *409 a final settlement with the probate court, which had been examined and allowed. This settlement showed him in debt to the estate nearly $>4000, and the indebtedness was stated in general terms, without reference to any particular kind of funds. The probate court made a decree against the executor for the amount ascertained to be due, when Bailey paid the amount to the clerk of the probate court in bills of various banks and banking associations, then much depreciated. These the parties interested refused to receive. The executor then offered to prove that he had collected these bills in the course of administration, but the court rejected the testimony. The final account was received and allowed, at the October term, 1840, of the probate court; and the decree for the payment made at the January term, 1841, when for the first time the attempt was made to pay in depreciated paper.
Upon the trial in the circuit court, the defendant offered to prove that he had collected the debts due to the estate in the currency furnished by the banks of the state — that he had done so by the advice of distinguished counsel — that the debtors were many of them in failing circumstances — that the civil officers of the country refused to sell property for anything but the local currency, and that he received the notes as the best that could be done under the circumstances. This evidence was rejected by the court below, and the illegality of this exclusion is the matter assigned as error.
An executor or administrator represents the deceased. The most exact good faith is required of them, in all their transactions in regard to the estate. They are moreover bound to the exercise of such prudence and caution in the administration, as a judicious man looking to his own interests, would exercise in regard to his own affairs. They may compound debts, or enter into arbitrations, and these acts will be upheld, if they are fair, beneficial to the estate, and free from fraud, negligence or misconduct. Kee’s Executor v. Kee’s Creditors, 2 Grattan’s Rep. 116; 2 Lomax Ex. 291-5; 5 Humph. Rep. 524. They partake of the character of bailees, and their acts in many respects are regarded in the same light. It hence results, that if they *410 collect debts in bank paper not strictly at par, when the best interests of the estate require it, and where nothing better can be done, their conduct will be sustained. But then it would be their duty to convert the funds so received into something less perishable in a reasonable time, and with as little delay as practicable. But while we recognize these rules for the conduct of executors and administrators, we do not think the appellants are in a situation to invoke their aid. The account rendered to the probate court, and which was ratified and confirmed by it, was for dollars in numero, without distinction of currency. The decree rendered by the court was of the same character. There was the place to make this defence.
This court has often decided, that the decrees of the probate court, where it has jurisdiction, are conclusive until reversed. To hold that a decree for dollars, means not constitutional currency, but the depreciated issues of worthless'banks, would virtually set aside this whole doctrine. The consequence would be, that while the circuit court could not directly revise the decree, it might incidentally render it of no value.
Had the account, as exhibited in the probate court, disclosed the true state of facts, that tribunal could have made such allowances to the executor, as the circumstances warranted, and have rendered a decree for what was right. It would have the same powers in this as in other matters of account.
To have suffered the testimony offered to go to the jury, would likewise have been against the rule, which excludes parol evidence to explain records, or other-written instruments.
The payment or offer to pay to the probate clerk, can have no influence in the case, because that officer had no authority to receive the amount.
The judgment is affirmed.